1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WESLEY CARROLL, | ) | 1:11-cv-01046 MJS |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF MANDAMUS |
| v. | ) | |
| | ) | (Doc. 1) |
| U.S. DISTRICT COURT, WESTERN | ) | |
| DISTRICT OF PA, et al., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner is a state prisoner currently incarcerated in Chatham, Virginia proceeding pro

se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651.  Petitioner has

consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

    Petitioner, a state prisoner[1] currently incarcerated in Virginia, has filed a petition for a

writ of mandamus under 28 U.S.C. § 1651(a). He provides conclusory allegations that the

United States District Courts in the Western District of Pennsylvania, Southern District of New

York, and District of Columbia failed to perform various ministerial duties including filing

documents sent to the respective courts. (Pet., ECF No. 1.) He does not provide further factual

---

[1]Petitioner did not provide information regarding his underlying conviction. The Court shall take judicial notice Petitioner's status as a state prisoner from other federal decisions discussed in this order.

1   information regarding any of his grievances. (Id.)

2      The All Writs Act provides in relevant part that "[t]he Supreme Court and all courts

3   established by Act of Congress may issue all writs necessary or appropriate in aid of their

4   respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §

5   1651(a). Under this authority, the writ of mandamus may be used in the federal courts to

6   confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to

7   exercise its authority when it is its duty to do so. Will v. United States, 389 U.S. 90, 95, 88 S.

8   Ct. 269, 19 L. Ed. 2d 305 (1967). The United States District Courts about which Petitioner

9   complains are not inferior courts to this Court. This Court cannot issue a writ of mandamus

10  under Section 1651 to compel other federal district courts to act.

11     Further, it should be noted that Petitioner filed several similar actions in other district

12  courts and courts of appeal; all were denied. See, e.g., In re Carroll, 272 Fed. Appx. 148 (3d

13  Cir. 2008); Carroll v. Puraty, 383 Fed. Appx. 107 (3d Cir. 2010); United States ex rel. Carroll

14  v. Manning, 414 Fed. Appx. 396, 397 (3d Cir. 2011). Those decisions describe Petitioner as

15  a "frequent filer of pro se actions" and explain why Petitioner's earlier requests for mandamus

16  relief have been denied:

17      While Carroll alleges that various documents submitted to the District
        Court for filing were never entered on the docket and/or ruled upon by the court,
18      and that many were improperly returned to him with letters from court personnel,
        he fails to submit anything to support these bald assertions. With the exception
19      of one referenced action, petitioner does not so much as provide the civil action
        number under which the filings were allegedly submitted. Without such support,
20      it is impossible to conclude that Carroll has a clear and indisputable right to
        mandamus relief, especially when a review of the District Court docket shows
21      that a steady stream of submissions has been filed in his various civil actions.

22  In re Carroll, 272 Fed. Appx. at 149.

23     Petitioner's later-filed mandamus petitions were denied as repetitious and for the same

24  reasons described above. Carroll v. Puraty, 383 Fed. Appx. at 108 ("As in his earlier

25  mandamus action, Carroll's claim that the District Court is not filing and docketing his

26  submissions is unsupported."); United States ex rel. Carroll v. Manning, 414 Fed. Appx. at 397

27  ("A Magistrate Judge recommended that the petition be dismissed because it was repetitious

28  of two earlier mandamus petitions, one of which was dismissed by this Court after transfer.").

1    Likewise, this Court finds Petitioner's present claims for relief without merit and

2   repetitious of Petitioner's prior filings. Furthermore, the Court lacks jurisdiction to provide the

3   relief requested. Accordingly, the instant petition is DISMISSED.

4                                                **ORDER**

5    Accordingly, IT IS HEREBY ORDERED that:

6    1. The Petition for Writ of Mandamus is DISMISSED; and

7    2. The Clerk of Court is DIRECTED to enter judgment and close the file.

8

9   IT IS SO ORDERED.

10  Dated:   November 1, 2011          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28